OPINION OF THE COURT
 

 Per Curiam.
 

 There is substantial evidence in the record of the proceedings before the State Tax Commission to support the Commission’s determination that designated “rental” and “lease” payments made by petitioner Great Lakes-Dunbar-Rochester, a joint venture, to the corporate venturers were, in fact, for rentals of vessels and equipment and, thus, subject to the use tax imposed
 
 *341
 
 by Tax Law § 1110. Therefore we reverse the order of the Appellate Division and reinstate the Commission’s determination.
 

 Great Lakes Dredge & Dock Co. and Dunbar & Sullivan Dredging Co. formed a joint venture in 1969 to bid on and, if successful, execute a contract to construct a sewer outfall in Lake Ontario for the City of Rochester. The joint venture agreement specifically limited the relationship to the Rochester construction project and required each party to furnish equipment and supervisory personnel to the project in the same proportion, insofar as reasonably possible, as its interest in the joint venture. The parties’ interests in the joint venture were allocated 66% to Great Lakes and 33% to Dunbar. Supervisory personnel and heavy equipment, consisting of marine vessels such as tugs and scows together with clamshells and cranes mounted thereon, were assigned to the project. Each corporate venturer was to be reimbursed from time to time for equipment, tools and/or machinery it furnished for use in the performance of the project at “rental” rates set forth in the agreement. These reimbursement payments were characterized in the agreement as “rents” and invoiced as such between the joint venture and the corporate venturers. No sales or use taxes were paid on these “rental payments”, however. Following an audit conducted by respondent in 1974, a determination was made that over $300,000, plus penalties and interest, was due as use tax on these rentals .and on the purchase of certain parts and supplies charged to the vessels. Petitioner was partially successful in having some of the items on which the tax had been assessed eliminated, but the assessment of use tax due on the amounts that the corporate venturers were reimbursed for the equipment assigned to the project (the “rentals”) was sustained by the Commission. An article 78 proceeding, transferred directly to the Appellate Division pursuant to CPLR 7804 (g), ensued. A divided court found that there was no substantial evidence supporting respondent’s conclusion that a lease of personal property took place between the parties, and therefore that there was no rational basis for respondent’s assessment of the tax. We disagree.
 

 In assessing a use tax on the reimbursement payments, the Tax Commission has treated the joint venture as a partnership, having an existence and entity separate and apart from the partners who comprise it, a treatment found by the majority at the Appellate Division to be contrary to “basic, established law” (102 AD2d, p 4). However, as pointed out by the dissenting Justice
 
 (id,.,
 
 pp 6-7), this treatment is consistent with that
 
 *342
 
 accorded the relationship by the parties themselves, both in their written agreement and in their conduct.
 

 Although terms of the agreement and the conduct of the parties are not determinative, support for the Commission’s view that the partnership is an entity separate and apart from its constituent partners can be found in the Tax Law itself, which specifically defines a “person” to include a partnership, association or combination of individuals or corporations (Tax Law § 1101 [a]). Ordinarily, partnerships and joint ventures are not considered persons (General Construction Law § 37). The inclusion of partnerships in the Tax Law definition of “person”, therefore, supports the conclusion that the Legislature intended to treat partnerships differently for tax purposes. Further support for this conclusion derives from the fact that the Legislature has only excluded select transactions from the definition of “retail sale”, such as, “distribution[s] of property by a partnership to its partners in whole or partial liquidation” and “contribution[s] of property to a partnership in consideration for a partnership interest therein” (Tax Law § 1101 [b] [4] [iii] [C], [E]). This selective exclusion evinces an intent by the Legislature to tax at least some transactions between partnerships and their members.
 

 Similar treatment of such transactions is found in other tax statutes and regulations. For example, the Department of Taxation and Finance has provided that partnership contributions and liquidating distributions “are excluded from the definition of ‘retail sale’ because while the form of ownership of the property is changed, there is a continuity of interest in the property transferred” (20 NYCRR 526.6 [d] [1]). By contrast, the purchase by a partner of tangible personal property from the partnership is a retail sale (20 NYCRR 526.6 [d] [4] [ii]).
 

 Under Federal tax law, “[i]f a partner engages in a transaction with a partnership other than in his capacity as a member of such partnership, the transaction shall * * * be considered as occurring between the partnership and one who is not a partner” (Internal Revenue Code [26 USC] § 707 [a]). The Treasury Department’s regulations elaborate: “Such transactions include, for example, loans of money or property by the partnership to the partner or by the partner to the partnership, the sale of property by the partner to the partnership, the purchase of property by the partner from the partnership, and the rendering of services by the partnership to the partner or by the partner to the partnership. Where a partner retains the ownership of property but allows the partnership to use such separately
 
 *343
 
 owned property for partnership purposes * * * the transaction is treated as one between a partnership and a partner not acting in his capacity as a partner * * * In all cases, the substance of the transaction will govern rather than its form” (Treas Reg [26 CFR] § 1.707-1 [a]).
 

 “[C]ourts should defer to the interpretation given a statute by the agency charged with its enforcement if the interpretation is neither irrational, unreasonable, nor inconsistent with the governing statute”
 
 (Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,
 
 57 NY2d 588, 597;
 
 see, Kurcsics v Merchants Mut. Ins. Co.,
 
 49 NY2d 451, 459). We conclude, therefore, that the Commission’s interpretation of the Tax Law is rational and its determination that use taxes were due upon these rental transactions is supported by substantial evidence.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in Per Curiam opinion; Judge Titone taking no part.
 

 Judgment reversed, with costs, and determination of the State Tax Commission reinstated.