■ NEW YORK TELEPHONE COMPANY, Respondent, v COUNTY OF NASSAU, Appellant.—In an action for a judgment declaring that the defendant is obligated to pay tariff surcharges added to its telephone bills, the defendant appeals from an order of the Supreme Court, Nassau County (Roberto, J.), entered November 7, 1985, which granted summary judgment to the plaintiff and directed an inquest to determine the amount of arrears which the defendant presently owes as a result of its failure to pay that portion of its telephone bill related to the surcharges in question.

Order affirmed, with costs.

The defendant Nassau County has refused to pay that portion of its telephone bills attributable to three taxes imposed upon the plaintiff, New York Telephone Company, by the State and local governments. The defendant concedes that it has not paid the bills, but asserts that the policy of allowing the plaintiff to recover these tax payments from the consumer as an operating expense is impermissible since State municipalities are exempt from taxation unless otherwise stated. We conclude that while a close question exists with respect to whether the plaintiff was entitled to summary judgment based upon the defendant's failure to challenge the rate determinations of the New York State Public Service Commission in a proceeding pursuant to CPLR article 78, there is no question that summary judgment was properly granted on the merits since the tariff surcharges are not direct taxes upon the municipality.

In 1937 Tax Law § 186-a was promulgated, which imposed a tax equal to 3% of all the gross income of utilities doing business within the State of New York. Additionally, pursuant to Tax Law § 184, a franchise tax was imposed on transporta-

tion and transmission corporations within the State. Tax Law § 186-a (6) provides that the gross income tax shall constitute a part of the operating costs of the utility. The New York Public Service Commission (hereinafter PSC), charged with monitoring and approval of utility rates, allows recovery of the taxes imposed upon the utility through approved rate increases. Certain local revenue taxes imposed upon the plaintiff are similarly deemed operating costs of the utility, recoverable through rate increases. The third tax, the temporary metropolitan business tax surcharge (hereinafter TMB tax), enacted in 1982, imposed a business tax surcharge on the plaintiff and other utilities doing business within a specified district, which includes Nassau County. The PSC determined that the TMB tax had the characteristics of a local revenue tax and authorized affected utilities to recover this expense through tariff surcharges on the bills of customers located within the district imposing the tax (see, 1983 Opns St Public Serv Commn No. 81-22 [case 27611, Mar. 23, 1983]).

The PSC's interpretation of the TMB tax surcharge is neither irrational, unreasonable, nor inconsistent with the governing statute and as such it should not be disturbed (see, Manhattan & Queens Fuel Corp. v County of Nassau, 113 AD2d 595; see also, Matter of Great Lakes—Dunbar—Rochester v State Tax Commn., 65 NY2d 339, 343). Moreover, the plaintiff's imposition of surcharges upon the defendant to recover these additional operating expenses is not the equivalent of directly taxing the municipality. To hold otherwise would afford the municipality an opportunity to claim that any tax imposed upon a party with which it is doing business is not recoverable in the cost of the product with which the municipality is being supplied. This broad interpretation of the tax exemption afforded municipalities would inflict an onerous burden upon every company doing business with a municipality, as the cost of any product attributable to a tax upon the company would have to be computed and deducted from the price of the product. We cannot assume that the Legislature intended such a strict reading of the taxing statutes as is urged by the defendant, and we therefore conclude that the tariff surcharges are not direct taxes upon the municipality. Niehoff, J. P., Rubin, Eiber and Kooper, JJ., concur.