■ In the Matter of MEYER TEMKIN et al., Petitioners, v STANLEY E. GRAYSON, as Commissioner of Finance of the City of New York, Respondent.—Determination by respondent Commissioner of Finance of the City of New York, dated January 17, 1989, which assessed a deficiency in the payment of commercial rent or occupancy tax against petitioners in the amount of $85,302.51, including interest and penalty, is unanimously confirmed, the petition denied, and the proceeding pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on July 7, 1989, is dismissed, without costs or disbursements.

Petitioners operate a nursing home as sole partners. Sometime after commencing this enterprise, they acquired, as tenants in common, the real property upon which the nursing home is located. The nursing home maintained separate books and records from the real estate operation and directly remitted "rent" in the form of payments to the respective obligees for mortgage, real estate taxes, insurance, and sewer rent. The nursing home partnership and the real estate operation, additionally, filed separate Federal, State, and city partnership returns. For the audit period of June 1, 1980 to May 31, 1983, respondent, Commissioner of Finance, assessed petitioners a deficiency for commercial rent or occupancy tax (Administrative Code of City of New York § 11-701 et seq.), attributable to the "rent" paid by the nursing home partnership. Petitioners maintain, essentially, that the payments by the nursing home are not subject to taxation since a partnership has no existence separate from the several partners, and "rent" could not be paid from petitioners to themselves.

However, contrary to petitioners' contention, and consistent with the relationship which petitioners themselves created, a partnership may be treated as an entity separate and apart from the individual partners for tax purposes *(Matter of Great Lakes-Dunbar-Rochester v State Tax Commn.,* 65 NY2d 339). Here, the petitioners treated their ownership of the nursing home as distinct from their ownership of the property, and title of the real property was not conveyed to petitioners as partners until after the audit period involved. Since the law defines a "person" to include a "partnership", and because "rent" encompasses "payment required to be made by a tenant on behalf of his or her landlord for real estate taxes, water rents or charges, sewer rents or any other expenses", the Commissioner's ruling accorded with the plain meaning of the statute (Administrative Code § 11-701 [1], [6]). Accordingly, the determination was supported by substantial evidence. Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.