Sevenson Envtl. Servs., Inc. v Manhattan Telecom. Corp. (2019 NY Slip Op 02797)





Sevenson Envtl. Servs., Inc. v Manhattan Telecom. Corp.


2019 NY Slip Op 02797


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Acosta, P.J., Manzanet-Daniels, Tom, Oing, JJ.


8985 652331/17

[*1]Sevenson Environmental Services, Inc., Plaintiff-Appellant,
v
Manhattan Telecommunications Corp., doing business as MetTel, Defendant-Respondent.


Novak Juhase & Stern, LLP, Cedarhurst (Kim Steven Juhase of counsel), for appellant.
Klein Law Group PLLC, Albany (Allen C. Zoracki of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered February 27, 2018, which granted defendant's motion for summary judgment to the extent of precluding plaintiff's recovery for overcharges occurring prior to February 21, 2015, unanimously reversed, on the law, without costs, and the motion denied.
At issue in this case are two sentences of a tariff addressing recovery for objections to overcharges in the defendant's billings to plaintiff. The tariff at section 2.4.3 states: "If objection is not received by the Company [defendant] within three months after the bill is rendered, the items and charges appearing thereon shall be determined to be correct and binding upon the customer. A bill will not be deemed correct and binding upon the customer if the Company has records on the basis of which an objection may be considered, or if the customer has in his or her possession such Company records." Defendant asserts that the first sentence is a "shot clock" limitation period after which no recovery may be had. Plaintiff asserts that the second sentence modifies the first sentence, and permits recovery for objections preceding the three-month period where the company or the customer has records supporting the objection. Plaintiff is correct.
The first sentence clearly states that the bills which are more than three months old at the time the objections are made will be deemed "to be correct and binding upon the customer." This "correct and binding" language does not refer to those bills falling within three months of the objections. Therefore, the second sentence, which states that "bill[s] will not be deemed correct and binding upon customer" where either party has supporting records, clearly addresses only those bills which had otherwise been deemed "correct and binding" in the first sentence, i.e., the bills older than three months. If, as the defendant and the court below have asserted, this second sentence was merely meant to require that the bills falling within the three-month period were to be supported by records, it could simply have said: "objections to bills falling within the three-month period must be supported by records." This Court's reading of this tariff's language is also supported by the Public Service Commission (PSC)'s decision in the administrative appeal, of which we take judicial notice, as the PSC has a strong interest in seeing language based on its model tariff interpreted in the same way, as a matter of public interest (see e.g. New [*2]York Tel. Co. v County of Nassau , 122 AD2d 124, 125 [2d Dept 1986]). We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK