■ HUDSON MICHAEL REALTY, INC., Respondent, v S. DAVID OLINER, Appellant.—Yesawich, Jr., J.

Defendant allegedly engaged plaintiff, a real estate broker, to sell an undeveloped tract of land located in Columbia County for $800,000 with a commission to plaintiff of $50,000. Plaintiff maintains that although it had in fact produced purchasers who were ready, willing and able to buy the property on terms acceptable to the seller *(see, Lane—Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42), the deal fell through just prior to execution of the formal contract of sale because the prospective purchasers became disillusioned and elected to have nothing more to do with defendant when they learned he was deliberately stalling and using their agreement as leverage in an attempt to sell the property to others at a higher price. Plaintiff then commenced this action for breach of contract, quantum meruit and arbitrary termination of plaintiff's authority.

Although the parties are sharply divided on the terms of their relationship, defendant urges that, even assuming, arguendo, as plaintiff contends, that a standard, albeit oral, real estate agent/vendor relationship existed, the complaint should nevertheless be dismissed because the agreement to sell was contingent upon subdivision approval of the tract by the local planning board and favorable well-drilling test results, and, that these conditions were unresolved when the purchasers became disenchanted with defendant. This argument is unpersuasive, for the situation presented here is not one where the sale was thwarted by an event outside the control of the parties *(cf., Hubbard v Tobin,* 15 Misc 2d 65, 67-68), but rather, as plaintiff claims, with support in the record, it is one wherein the sole impediment to the sale is said to be defendant's own bad-faith behavior.

Nor has defendant carried his burden, as the moving party seeking summary judgment, of demonstrating that the potential purchasers' failure to furnish proof of financial ability precluded a meeting of the minds. In fact, there is indication in the record that defendant was prepared to proceed with the sale despite the absence of such information. As for defendant's related argument that plaintiff has failed to show that

the purchasers had the financial wherewithal to complete the transaction *(see, Blackmore v Wigne Land Corp.,* 97 AD2d 889), we note that their financial ability was not questioned until this litigation was commenced. In any event, at this stage of the proceeding plaintiff need not prove each element of its case, but must simply establish that a question of fact arguably remains as to this issue *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404), which it has done.

Finally, the purchasers' refusal to proceed with the transaction does not, as defendant would have it, dispose of plaintiff's claim *(see, Williamson, Picket, Gross v Hirschfeld,* 92 AD2d 289, 293, *appeal dismissed* 60 NY2d 585), for the purchasers' conduct may well have been occasioned by defendant's asserted bad faith in forestalling execution of the formal contract which contemplated defendant being a mortgagee with whom they would be required to deal in the future when the tract was subdivided and lots sold were to be released from the lien of the mortgage. Furthermore, defendant's position in this respect is at odds with the fundamental premise underlying a suit he has since initiated against the prospective buyers, namely, that they breached the very same contract which he avers herein does not exist.

Order affirmed, with costs. Mahoney, P. J., Weiss, Yesawich, Jr., Harvey and Mercure, JJ., concur.