■ DAVID M. KLEIN et al., Appellants, v TROUT LAKE PRESERVE HOMEOWNERS' ASSOCIATION, INC., et al., Respondents.—Levine, J.

Plaintiff Jennifer J. Klein is the owner of a parcel of real property located in the Town of Bolton, Warren County, where she resides with her husband, plaintiff David M. Klein. The property is designated as lot 11 on a subdivision map entitled "Trout Lake Preserve" which, together with a document entitled "Declaration of Covenants, Conditions and Restrictions" (hereinafter the Declaration), is recorded in the County Clerk's office. All subdivision property owners took title to their lots subject to the Declaration. Defendants Stephen G. Fuguet and Myra M. Fuguet are the owners of subdivision lots 1 through 3. Defendant Trout Lake Preserve Homeowners' Association, Inc. (hereinafter the Association) is a corporation established for the purpose of enacting and implementing bylaws, rules and regulations governing the use of its members' properties and the subdivision common areas.

In September 1989, the Association held a meeting at which it voted to install a drainage culvert on the south side of a common area located on the shore of Trout Lake between lots 3 and 4 (hereinafter the common area). Plaintiffs, who as owners of a nonshorefront lot had an easement of enjoyment in and to the common area to the exclusion of the owners of shorefront lots 1 through 10, objected to the installation of the culvert. A 12-inch drainage culvert was subsequently installed.

Thereafter, plaintiffs commenced this action seeking, *inter alia,* judgment directing removal of the culvert from the

common area, restoration of the common area to its previous condition and utilization of the drainage easement of record located on the Fuguets' property between lots 2 and 3. Plaintiffs also sought to enjoin the owners of lots 1 through 10 and their guests from using the common area parcel as provided by article II, section 1 (d) of the Declaration and to collect damages for prior trespasses. Following joinder of issue, plaintiffs moved and defendants cross-moved for summary judgment. Supreme Court denied plaintiffs' motion and granted defendants' cross motions for summary judgment dismissing the complaint. This appeal by plaintiffs followed.

Prior to reaching the merits, we note that because David Klein has no ownership interest in lot 11, having transferred his interest to Jennifer Klein in August 1989, he holds no actual legal stake in this action and, therefore, is without standing (see, Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773).[1] We disagree, however, with Supreme Court's conclusion that David Klein's affidavit could not be considered in determining the parties' respective motions. David Klein has lived on lot 11 since 1986 and clearly is "a person having knowledge of the facts" (CPLR 3212 [b]) in this case.

Turning to the merits, it is our view that Supreme Court correctly dismissed the first cause of action as against the Fuguets. The complaint's first cause of action alleged that the drainage culvert was placed on the common area, in derogation of the Declaration, at the request and direction of Association member Walter Rehm. There was no allegation, however, that the Fuguets were in any way involved in the actual installation of the culvert.

Also with regard to the first cause of action, the Association was clearly entitled to summary judgment declaring that it was authorized to install a drainage culvert on the common area.[2] Article III, section 7 of the Declaration provides in relevant part that the Association has "a blanket easement upon, across, over and under all of the properties for * * * installation, replacement, repair and maintenance of all utilities, including but not limited to water [and] sewers". That same section further provides: "By virtue of this easement, it

---

1. Jennifer Klein will hereinafter be referred to as plaintiff.

2. We note that Supreme Court merely dismissed the complaint without making a declaration in the Association's favor (see, Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954; Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901).

shall be expressly permissible to erect and maintain * * * sewer and water lines, on, above or below any residence or land owned by any owner." While the foregoing language does not expressly grant the Association an easement for purposes of installation of a drainage culvert, it does authorize the installation of sewer and water lines by the Association on or below any land within the subdivision, which is akin to and no more invasive than the installation of a drainage culvert. In the absence of any tender of extrinsic evidence tending to show otherwise, we construe the Association's blanket easement to include authority to install a drainage culvert on the common area (see, Patten Corp. v Association of Prop. Owners of Sleepy Hollow Lake, 172 AD2d 996, 998). In reaching this conclusion, we reject plaintiff's assertion that the mere existence of a drainage easement on the Fuguets' property, as depicted on the subdivision map, required placement of the culvert in that area.

We turn next to the issue of whether the installation of the culvert on the common area was properly approved by the Association members as a capital improvement in accordance with article V, sections 3 and 4 of the Declaration. Article V, section 3 provides that "[w]ith regard to capital improvements and any special assessment therefor, which affect and are to be made upon the Common Area situate upon the shores of Trout Lake, only the owners of [back] Lots Nos. 11 through 19 will be eligible to vote thereon pursuant to the provisions of this section". The minutes of the September 1989 Association meeting establish that six of the nine back lot owners, enough to constitute a quorum under article V, section 4, were present to vote. Considering only those six lot owners, five voted in favor of installation of the culvert. This vote constituted the two-thirds approval required by article V, section 4. Plaintiff's contention, raised for the first time in her reply brief, that the September 1989 meeting of the Association was not properly noticed is without support in the record.

As a final matter, we agree with Supreme Court that defendants were entitled to summary judgment dismissing plaintiff's second cause of action insofar as it sought damages for trespass upon the common area. However, plaintiff was entitled to judgment declaring that, pursuant to article II, section 1 (d) of the Declaration, the owners of lots 1 through 10 are not authorized to utilize the common area at issue or the docks appurtenant thereto. Although the Association contends that it was the consensus of its members to permit the owners of lots 1 through 10 to use the common area, that

agreement was ineffective to confer such a right. According to the relevant portion of article IX, section 3 of the Declaration, the provisions contained in the Declaration may only be amended "by an instrument signed by not less than ninety percent (90%) of the lot owners". There was no showing by defendants that such an instrument was executed. Therefore, the owners of lots 1 through 10 have no right to use the common area at issue here and should be enjoined from future use of such common area in the absence of a proper amendment to the Declaration.

Weiss, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the complaint against defendant Trout Lake Preserve Homeowners' Association, Inc. without declaring that it had authority to install the drainage culvert on the common area and as denied that part of plaintiff Jennifer J. Klein's motion seeking a judgment declaring that the owners of Trout Lake Preserve subdivision lots 1 through 10 have no right to use the common area situated between lots 3 and 4 and enjoining the owners of those lots from future use of such common area; said relief granted, and, as so modified, affirmed.