■ HUDSON MICHAEL REALTY, INC., Respondent-Appellant, v S. DAVID OLINER, Appellant-Respondent. (Action No. 1.) S. DAVID OLINER, Appellant, v MITCHELL DEUTSCH, Respondent, et al., Defendant. (Action No. 2.)—Yesawich Jr., J. (1) Cross appeals, in action No. 1, from an order of the Supreme Court (Cobb, J.), entered May 31, 1991 in Columbia County, which, *inter alia,* denied defendant's motion for summary judgment

dismissing the complaint and plaintiff's cross motion for substitution of a new corporation as plaintiff, and (2) appeal, in action No. 2, from a judgment of said court, entered July 5, 1991 in Columbia County, which granted defendant Mitchell Deutsch's motion for summary judgment dismissing the complaint against him.

These actions arise from the attempted sale of 135 acres of unimproved property in the Town of Kinderhook, Columbia County, owned by S. David Oliner to James Garfinkel and Mitchell Deutsch. Subsequent to entering into an oral brokerage agreement with Oliner for the sale of the property, Hudson Michael Realty, Inc. (hereinafter the original Hudson Michael), a real estate broker, arranged for Garfinkel and Deutsch, who were interested in purchasing the property, to negotiate with Oliner regarding the sale terms. These negotiations culminated in Oliner forwarding a purchase and sale agreement to Garfinkel and Deutsch's attorney. Deutsch and Garfinkel modified some of the terms of the agreement and returned it, executed, along with mortgage documents; Oliner rejected this counteroffer. Thereafter, Oliner, Deutsch and Garfinkel resumed negotiations and orally agreed upon new terms of sale, to be reduced to writing with the contract's execution to be had May 11, 1987. The contract was never signed because Deutsch and Garfinkel refused to accede to Oliner's request to postpone its execution until after May 11, 1987 so that Oliner could, in the interim, negotiate with another party.

Thereafter, the original Hudson Michael commenced action No. 1 against Oliner in Columbia County to recover the brokerage commission allegedly due for procuring Mitchell and Deutsch as ready, willing and able purchasers for the property; Oliner answered and cross-moved for summary judgment. Finding triable issues of fact, Supreme Court denied Oliner's cross motion and we affirmed on appeal (140 AD2d 778). In the meantime, Oliner commenced action No. 2 against Deutsch and Garfinkel in New York County for an alleged breach of contract to purchase the property; the action with respect to Garfinkel was later discontinued without prejudice and the action against Deutsch was removed to Columbia County and consolidated with action No. 1. Relying on *Tebbutt v Niagara Mohawk Power Corp.* (124 AD2d 266), Supreme Court concluded that there was no enforceable contract for the purchase and sale of real property and granted Deutsch's subsequent motion for summary judgment dismissing the

complaint for failure to state a cause of action; Oliner appeals from the judgment entered thereon.

Based on, *inter alia,* Supreme Court's conclusion reached in action No. 2 that no enforceable contract existed for the purchase and sale of the property, Oliner again moved for summary judgment in action No. 1. The original Hudson Michael thereupon cross-moved to substitute a new corporation (hereinafter the new Hudson Michael) as plaintiff in its place pursuant to CPLR 1018 and for the imposition of sanctions upon Oliner pursuant to 22 NYCRR part 130. It appears from the record that following the death of Irving Price, president of the original Hudson Michael, the latter corporation changed its name to Irving Price, Inc. on May 31, 1990. Subsequent thereto a new corporation, named Hudson Michael Realty, Inc., was formed and thereafter Irving Price, Inc., the successor in interest to the original Hudson Michael, assigned the cause of action for a brokerage commission commenced against Oliner to the new Hudson Michael. Approximately a month after the cross motion for substitution was made, Irving Price, Inc. dissolved.

Finding that, *inter alia,* the law of the case foreclosed granting Oliner summary judgment and that Real Property Law § 442-d prohibited the substitution of the new Hudson Michael as plaintiff in action No. 1, Supreme Court denied Oliner's motion for summary judgment, the original Hudson Michael's cross motion for substitution and sanctions, and a cross motion by Deutsch in action No. 2 for sanctions. Oliner appeals, as does the original Hudson Michael.

Since neither the original Hudson Michael nor the new Hudson Michael can maintain action No. 1 against Oliner, the complaint in action No. 1 must be dismissed. It is undisputed that Irving Price, Inc., as successor in interest to the original Hudson Michael, unconditionally and irrevocably assigned "all [its] right, title and interest" in action No. 1 to the new Hudson Michael on December 7, 1990, that the original Hudson Michael then cross-moved to substitute the new Hudson Michael in its place on December 10, 1990 and then dissolved by certificate of dissolution dated January 15, 1991. As a result, the original Hudson Michael no longer has any actual legal stake in action No. 1 and thus lacks standing to maintain it *(see, Klein v Trout Lake Preserve Homeowners' Assn.,* 179 AD2d 967, 968; *see also, Rogovin v Bach Realty,* 147 AD2d 364, 365). Although Oliner inappropriately raised this issue in his reply brief instead of in his main brief, we note that he had previously raised the issue by motion to dismiss the

appeal in this court, which the original Hudson Michael opposed, and which this court denied without prejudice to the issue being raised upon argument of the appeal.

Substitution of the new Hudson Michael for the original Hudson Michael pursuant to CPLR 1018 would violate Real Property Law § 442-d, which must be strictly construed *(see, Matter of Wertlieb [Greystone Partnerships Group],* 165 AD2d 644, 647)* and which provides that "[n]o * * * corporation shall * * * maintain an action * * * for the recovery of compensation for services rendered * * * in the * * * selling [of] any real estate without alleging and proving that such person was a duly licensed real estate broker * * * on the date when the alleged cause of action arose". It is uncontested that the new Hudson Michael did not exist in May 1987 when Oliner, Deutsch and Garfinkel negotiated the aborted purchase and sale of the property. Thus, even though the president of the new Hudson Michael, who was also the vice-president of the original Hudson Michael, was a licensed real estate broker at that time, the new Hudson Michael is prohibited from maintaining action No. 1 *(see, Rogovin v Bach Realty, supra);* accordingly, summary judgment in action No. 1 should have been awarded to Oliner.

With respect to action No. 2, however, Supreme Court must be affirmed. Although the Garfinkel affidavit dated July 8, 1987, in which he avers that during a conference call with Oliner, he and Deutsch "essentially acceded to * * * Oliner's demands, with the exception of several minor points which [Oliner] did agree to, and as far as * * * Deutsch and [he] were concerned, [they] had reached an agreement", does indicate a meeting of the minds, it does not, as urged by Oliner, create an enforceable contract to purchase the property in accordance with General Obligations Law § 5-703. Not only does the affidavit lack the oral agreement's essential terms *(see, Tamir v Greenberg,* 119 AD2d 665, 666, *lv denied* 68 NY2d 607; *Sheehan v Culotta,* 99 AD2d 544, 545), but even viewing it as properly memorializing the entire oral agreement, the Statute of Frauds bars its enforcement against Deutsch because Deutsch, the party which Oliner seeks to charge with the agreement, neither memorialized the oral agreement in his affidavit nor signed the memorialized agreement contained in Garfinkel's affidavit (General Municipal Law § 5-703); although Oliner parenthetically notes in his brief that Garfinkel was Deutsch's agent, he offers no proof to that effect or that he signed the affidavit in his role as such. Moreover, Deutsch's averment that the parties "agreed to

meet at Oliner's office on * * * May 11, 1987, to sign a * * * contract of sale, a necessary pre-requisite to entering into a binding commitment with Oliner", and Oliner's admitted postponement of the May 11, 1987 contract execution so that he could meet with another prospective purchaser evidence an intent by both parties not to be bound by the oral agreement until it had been reduced to writing and executed *(see, Tebbutt v Niagara Mohawk Power Corp.,* 124 AD2d 266, 268, *supra).*

The remaining arguments presented are without merit.

Mikoll, J. P., Levine, Mercure and Harvey, JJ., concur. Ordered that the order in action No. 1 is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment; said motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed. Ordered that the judgment in action No. 2 is affirmed, without costs.