■ In the Matter of VINCENT LA BARBERA et al., Appellants, v TOWN OF WOODSTOCK et al., Respondents, et al., Defendants. [814 NYS2d 376]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Doyle, J.), entered December 3, 2004 in Ulster County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, partially granted respondents' motion to dismiss the petition/complaint.

Respondent Town of Woodstock purchased the former Marion E. Comeau property (hereinafter Comeau property) from the

Christian Science Trustees for Gifts and Endowments in 1979. The purchase was financed by the issuance of municipal bonds which were fully retired in 1999. Intending to preserve, for recreational purposes, that portion of the property not employed for government facilities, the Town developed and ultimately passed a resolution to convey a conservation easement to Woodstock Land Trust, Inc., a not-for-profit corporation. Prior to the scheduled voter referendum on the proposed conveyance, petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking to prohibit the conveyance. The matter is presently before this Court on petitioners' appeal of Supreme Court's dismissal of five of the six causes of action asserted in the petition/complaint.

When a motion to dismiss is made pursuant to CPLR 3211 (a) (7), as a general rule we assume the truthfulness of the factual allegations of the pleading and determine simply whether the allegations make out any cognizable cause of action (*see Griffin v Anslow*, 17 AD3d 889, 891 [2005]). However, when such motion is supported by evidence extrinsic to the petition/complaint, the inquiry becomes whether the petitioner indeed has a cause of action, not simply whether he or she has stated one in the petition/complaint (*see Griffin v Anslow, supra* at 891; *Henderson v United Parcel Serv.*, 252 AD2d 865, 866 [1998]; *Kaufman v International Bus. Machs. Corp.*, 97 AD2d 925, 926 [1983], *affd* 61 NY2d 930 [1984]), and the petitioner no longer can rely only on the unsupported factual allegations of the pleading, but must submit evidence demonstrating the existence of a cause of action. We find no record support for petitioners' present argument that Supreme Court failed to apply the foregoing standards in reviewing respondents' motion to dismiss.

The first cause of action seeks a declaration that the Town did not have title to the Comeau property and, as a result, is incapable of conveying a conservation easement. Petitioners argue that Supreme Court erroneously dismissed this cause of action on the basis that they lack standing. Standing is a threshold determination which is not bestowed simply because the matter sought to be adjudicated is one of important public concern (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773 [1991]). Instead, standing requires an actual legal stake in the outcome of the proceeding/action (*see Klein v Trout Lake Preserve Homeowners' Assn.*, 179 AD2d 967, 968 [1992]) or, in other words, an injury in fact worthy and capable of judicial resolution (*see Society of Plastics Indus. v County of Suffolk, supra* at 772-773). It is petitioners' burden to establish standing (*see id.* at 769). The first cause of action fails to allege

any injury in fact suffered by petitioners and they candidly admit their lack of any present or future ownership interest in the property at issue, thus demonstrating their lack of any actual stake in the outcome of this aspect of the litigation. Accordingly, Supreme Court correctly determined that petitioners lack standing to maintain the first cause of action. In any event, the title argument is without merit as it is based on a claimed right of reverter if the property were no longer used for church purposes. Only .006 of an acre of the approximate 75 acres conveyed to the Town was ever subject to such right and, as to that small parcel, the right of reverter was extinguished by merger when the Town's grantor became the owner of both the right of reverter and the fee title to that parcel (*see Jemzura v Jemzura*, 36 NY2d 496, 502 [1975]; *Schmaeling v Schmaeling*, 127 Misc 2d 763, 767 [1985]).

The third and fourth causes of action claim that the proposed conservation easement constitutes an illegal gift of public property to a private entity, improperly binds successive town boards and constitutes a waste of taxpayer money. Our analysis begins by recognizing that a town may, subject to permissive referendum, convey an easement on real property (*see* Town Law § 64 [2]; *Western N.Y. Land Conservancy v Town of Amherst*, 4 AD3d 889, 890-891 [2004]; 1981 Ops St Comp No. 81-209). Although political subdivisions are prohibited from conveying public property to private entities without adequate consideration (*see* NY Const, art VIII, § 1), the consideration may take the form of public benefits or services rendered pursuant to a contract (*see Western N.Y. Land Conservancy v Town of Amherst, supra* at 890-891; 2004 Ops St Comp 04-6; *see also Landmark West! v City of New York*, 9 Misc 3d 563, 569 [2005]). Here, the preservation of the Comeau property as an undeveloped park and recreational facility provides a clear public benefit in perpetuity (*see Western N.Y. Land Conservancy v Town of Amherst, supra* at 890-891), and is adequate consideration. The other grounds asserted by petitioners in support of these causes of action are equally meritless. Although General Municipal Law § 51 permits taxpayers to seek judicial intervention to prevent acts of public officials which constitute waste of public property, petitioners' petition/complaint fails to assert the factual allegations necessary to establish standing under this statute. Moreover, since the proposed conveyance does not constitute an impermissible gift of public property, petitioners have failed to establish the existence of any waste. Further, although successor governmental bodies may not be bound by the acts of its predecessors, unless authorized by statute (*see Matter of Karedes v Colella*, 100 NY2d 45, 50 [2003]), the Town is statutorily authorized to enter

into a perpetual conservation easement with a not-for-profit conservation organization (*see* ECL 49-0305 [1], [3] [a]; *Western N.Y. Land Conservancy v Town of Amherst, supra* at 891), and municipal bodies may make permanent conveyances of real property if approved by voter referendum (*see* Town Law § 64 [2]).

Next, Supreme Court correctly dismissed petitioners' fifth and sixth causes of action. The fifth cause of action, asserting a claim for defamation based upon statements made by the Town Supervisor during Town Board meetings regarding the tone and manner of petitioners' comments, must be dismissed as the result of petitioners' failure to file the required notice of claim (*see* General Municipal Law § 50-e; *De Cicco v Madison County*, 300 AD2d 706, 707 n [2002]). Additionally, the petition/complaint is deficient as it fails to recite the specific words alleged to be defamatory (*see* *Dillon v City of New York*, 261 AD2d 34, 38 [1999]) and does not allege any special damages flowing from the alleged defamation (*see* *Wadsworth v Beaudet*, 267 AD2d 727, 728 [1999]).

The sixth cause of action impermissively seeks petitioners' litigation expenses. As a general rule, litigation expenses are not reimbursable unless expressly allowed by statute (*see* CPLR 8101). Since there is no legal basis for awarding the relief requested by petitioners in the sixth cause of action, Supreme Court correctly dismissed it.

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.