■ In the Matter of VINCENT LABARBERA et al., Appellants, v TOWN OF WOODSTOCK et al., Respondents. [865 NYS2d 758]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Work, J.), entered October 5, 2007 in Ulster County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion for summary judgment dismissing the petition/complaint.

Petitioners challenge the decision of respondent Town of Woodstock in Ulster County to convey a conservation easement over part of a 75-acre town parcel (commonly known as the Comeau property) to the Woodstock Land Trust, Inc., a not-for-profit corporation, for the purpose of preserving a portion of the parcel for recreational purposes. After the Town Board voted to take such action and before the scheduled voter referendum, petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking to prohibit the conveyance. An agreement was reached to allow the referendum, but restrict the Town's ability to make the conveyance pending resolution of this litigation. The resolution passed 1,326 to 856 in November 2003. Thereafter, respondents moved to dismiss this petition/complaint. Supreme Court (Doyle, J.) dismissed all causes of action except one (i.e., the second cause of action) and, on appeal by petitioners, we affirmed (29 AD3d 1054 [2006], *lv dismissed* 7 NY3d 844 [2006]). The remaining cause of action basically asserted irregularities in the referendum process. Following extensive disclosure regarding the remaining cause of action, respondents moved for summary

judgment, which Supreme Court (Work, J.) granted. Petitioners appeal.

A town may convey an interest in its real property, including an easement, upon adoption of a resolution and a permissive referendum (see Town Law § 64 [2]; 1980 Ops St Comp No. 80-267; see also 29 AD3d at 1056). The process must comply with procedures designed to afford ample notice (see e.g. Town Law §§ 82, 90; Matter of D'Addario v McNab, 32 NY2d 84, 87-88 [1973]). Respondents set forth proof that, among other things, notice of the referendum was timely published in the local newspaper, posted at the town hall and clerk's office, and posted on the signboard in front of the town hall. Respondents established compliance with the applicable statutes and petitioners failed to raise a factual issue indicating otherwise.

Petitioners' assertion that respondents did not adequately define the subject matter of the referendum is without merit. Initially, we note that petitioners have provided no authority to support their apparent contention that a survey or metes and bounds description was necessary prior to the referendum. It is undisputed that this was a well-known parcel. Nearly 30 public meetings were conducted regarding the easement (petitioner Vincent LaBarbera acknowledged attending about 25 of those meetings), and many of the meetings were held at the town hall located on the Comeau property. A description was provided using the Town's tax map. Also, an aerial photograph was made available which had clear markings added to it that delineated the locations of the portions of the property covered by the conservation easement. No proof was presented in this record indicating any confusion regarding the location of the subject parcel or conservation easement.

Petitioners' effort to interject on the current appeal issues that were decided in this Court's earlier decision are barred by the law of the case doctrine (see Beneke v Town of Santa Clara, 45 AD3d 1164, 1165 [2007], lv denied 10 NY3d 706 [2008]). Petitioners also assert for the first time on appeal various issues that were not raised before. Such issues are not properly before us and we decline to consider them (see Herron v Essex Ins. Co., 34 AD3d 913, 914 [2006], lv dismissed 8 NY3d 856 [2007]). The remaining contentions that arguably fall within the scope of petitioners' second cause of action (the only cause of action that survived the earlier appeal) have been considered and found unavailing.

Spain, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.