■ SUZANNE AIARDO et al., Appellants, v TOWN OF EAST GREENBUSH et al., Respondents. [881 NYS2d 698]—

Kane, J. Appeal from an order of the Supreme Court (Donohue, J.), entered March 26, 2008 in Rensselaer County, which, among other things, granted defendants' motions to dismiss the complaint.

Plaintiffs and defendant Stephanie Wacholder are neighbors who own real property across the street from one another in the Town of East Greenbush, Rensselaer County. The Town owns a narrow triangular parcel (hereinafter the parcel) that abuts Wacholder's property and is across the street from plaintiffs' property. This parcel was deeded to the Town for park or recreational purposes but, because of its shape and topography, the Town has never used or improved it. Since purchasing her property in 1969, Wacholder has maintained a portion of the parcel nearest her property by raking, removing debris, trimming trees, landscaping and plowing snow. When she placed a shed on the parcel in 2004, the Town required her to move the shed to her own property. In 2005, she obtained a permit to blacktop her driveway. According to plaintiffs, the blacktop extends onto the parcel and connects her driveway with former tennis courts on the parcel, creating a parking lot on the parcel where Wacholder and her guests regularly park their vehicles. In 2006, Wacholder installed an underground sprinkler system on her property which intrudes onto the parcel. She also

continued landscaping and tree-trimming projects. When plaintiffs complained to town officials, the Town obtained an affidavit wherein Wacholder disavowed any ownership interest in the parcel, acknowledging that it was owned by the Town.

Not satisfied with the Town's response, plaintiffs commenced this action against Wacholder, the Town, Town Board and several town officials, seeking declaratory relief, to cease the allegedly illegal gift of town property to Wacholder and requiring her to remove all improvements. Defendants moved to dismiss the complaint or, alternatively, for summary judgment (see CPLR 3211 [a] [3], [7]; [c]). Plaintiffs cross-moved for summary judgment. Supreme Court granted defendants' motions to dismiss the complaint due to lack of standing and failure to state a cause of action. The court also denied plaintiffs' cross motion and declared that the Town has not bestowed a gift on Wacholder or violated any laws, nor has Wacholder taken public property. Plaintiffs appeal.

Plaintiffs lack common-law standing to challenge Wacholder's actions as a misappropriation of public land. Standing is a threshold issue requiring "an actual legal stake in the outcome" of the action, namely "an injury in fact worthy and capable of judicial resolution" (Matter of La Barbera v Town of Woodstock, 29 AD3d 1054, 1055 [2006], lv dismissed 7 NY3d 844 [2006]; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773 [1991]). Plaintiffs alleged that Wacholder misappropriated public land or unlawfully took public property for her personal use. If true, this is a wrong against the Town, not plaintiffs. Their status as town residents, taxpayers and neighbors of the parcel at issue does not, by itself, grant them standing to prosecute an action to raise a matter of public interest or vindicate the Town's rights (cf. Matter of La Barbera v Town of Woodstock, 29 AD3d at 1055-1056). The alteration of the view from their property also does not constitute an injury in fact, as plaintiffs would have the same view had the Town improved the parcel as a park. The Town's commissioner of public works averred that Wacholder's improvements to the parcel were consistent with what the Town would have done were it to take action to create a park. As such, plaintiffs did not suffer an injury in fact through defendants' actions (see id.).

Plaintiffs may have sufficiently alleged a cause of action under the gift or loan clause of the NY Constitution (see NY Const, art VIII, § 1; cf. 1982 Ops St Comp No. 82-62), but defendants were entitled to summary judgment dismissing that claim. Plaintiffs alleged that the Town essentially loaned its property to Wacholder or gave her an unrestricted right to use the property

as a private parking lot, with no consideration paid by Wacholder, to the exclusion of all other citizens. While these allegations are sufficient to survive a motion to dismiss, the record evidence does not support the allegations. The Town did not affirmatively give or lend anything to plaintiffs; it remained passive, merely failing to react or complain when Wacholder encroached on unused town property in a minor way (*compare* 1982 Ops St Comp No. 82-62). The Town did take action by requiring Wacholder to remove her shed when it was placed on the parcel, and obtained an affidavit from Wacholder disclaiming any ownership interest in the parcel and acknowledging the Town's ownership. While Wacholder and her guests sometimes park on the part of the parcel that was former tennis courts, other citizens could apparently park on the portion of the parcel abutting the public roadway. The record does not indicate that parking on any part of public property violates any parking ordinances. Under the circumstances, the Town did not violate the NY Constitution's gift or loan clause. Dismissal of plaintiffs' constitutional cause of action is appropriate based upon the lack of record support.

While the complaint does not specifically cite General Municipal Law § 51, a generous reading of the allegations could include a potential cause of action under that statute. Taxpayers may proceed against a municipality or public officers under that statute "only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes" (*Kaskel v Impellitteri*, 306 NY 73, 79 [1953], *cert denied* 347 US 934 [1954]; *see Mesivta of Forest Hills Inst. v City of New York*, 58 NY2d 1014, 1016 [1983]; *Matter of Palmateer v Greene County Indus. Dev. Agency*, 38 AD3d 1087, 1089 [2007]). Plaintiffs do not point to any fraud and no public funds were expended. Wacholder's improvements to the parcel were not for an entirely illegal purpose and did not waste public property; the Town had left the property unused and unimproved since obtaining possession of it, so neither parking on it nor improving its appearance constituted a waste. Accordingly, although plaintiffs may have standing to pursue a cause of action under General Municipal Law § 51, they failed to state a viable cause of action.

Because no property was conveyed or leased, and Wacholder affirmed that she has no ownership interest in the parcel, plaintiffs failed to state a cause of action alleging a violation of Town Law § 64 (2). We decline defendants' request to impose sanctions against plaintiffs (*see* 22 NYCRR 130-1.1 [a]).

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.