*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   March 31, 2016                519652
_____

AMY NICHOLS, Doing Business
    as BLIND TIGER PUB,
                        Appellant,

        v

MARIE H. DIDAS et al.,
                        Respondents.

REEDER GLENN NICHOLS,
                        Proposed
                        Intervenor-
                        Appellant.

(Action No. 1.)
                                        MEMORANDUM AND ORDER
_____

AMY NICHOLS, Doing Business
    as BLIND TIGER PUB,
                        Appellant,

        v

MARBIL PROPERTIES, LLC, et al.,
                        Respondents.

(Action No. 2.)
_____


Calendar Date:   February 9, 2016

Before:   Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.


                    _____


        DeRoberts Law Firm, Syracuse (Nicholas E. Tishler,
Niskayuna, of counsel), for appellant and proposed intervenor-
appellant.

Cynthia Feathers, Glens Falls, for respondents.

_____

McCarthy, J.

Appeals (1) from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered August 4, 2014 in Broome County, which, among other things, denied Reeder Glenn Nichols' motion for permission to intervene, (2) from an order of said court, entered August 4, 2014 in Broome County, which, among other things, sua sponte dismissed the complaint in action No. 1, and (3) from an order of said court, entered August 4, 2014 in Broome County, which granted defendants' motion to dismiss the complaint in action No. 2.

In 2005, JJAGQ Enterprises, LLC, doing business as Blind Tiger Pub, leased premises from defendant Marie H. Didas for an initial term of five years, which could be renewed for three successive five-year terms provided that the tenant gave notice to renew six months before the expiration of the term. The lease was assigned with Didas' permission in 2009 by JJAGQ Enterprises to plaintiff, who was the sole owner of JJAGQ Enterprises. The first five-year term of the lease was due to expire on February 22, 2010, and plaintiff did not provide written notice of renewal until two months before the expiration date. Didas rejected the renewal, prompting plaintiff to commence action No. 1 asserting, among other things, that equity should excuse her failure to timely exercise the option.

Plaintiff's motion for summary judgment in action No. 1 was denied and, when plaintiff learned that Didas had assigned her interest in the leased premises to a company owned by Didas — defendant Marbil Properties, LLC — she commenced action No. 2 against Didas, Didas' spouse and Marbil Properties seeking essentially the same relief regarding the lease renewal. Supreme Court dismissed action No. 2, but added Marbil Properties as a defendant in action No. 1. Meanwhile, as part of plaintiff's divorce from her husband — proposed intervenor Reeder Glenn Nichols — she had assigned to Nichols her interest in the Blind

Tiger Pub business.  As a result, Supreme Court sua sponte dismissed action No. 1 with prejudice on the ground that plaintiff lacked standing and denied Nichols' motion to be added as a necessary party or to intervene as a plaintiff.  Plaintiff and Nichols appeal from the orders dismissing both actions, as well as the order denying the motion to add Nichols as a party.

Plaintiff has standing to pursue action No. 1.  "Standing is a threshold issue requiring 'an actual legal stake in the outcome' of the action, namely 'an injury in fact worthy and capable of judicial resolution'" (Aiardo v Town of E. Greenbush, 64 AD3d 849, 851 [2009], quoting Matter of La Barbera v Town of Woodstock, 29 AD3d 1054, 1055 [2006], appeal dismissed 7 NY3d 844 [2006]; see Kosmider v Garcia, 111 AD3d 1134, 1135 [2013]).  Although plaintiff transferred her interest in the Blind Tiger Pub business to Nichols as part of their divorce, she did not assign or relinquish her rights in the lease of the premises where the business is located.  The lease includes an option to purchase and also, as part of her divorce, she is entitled to some of the future profits that Nichols may realize in operating the Blind Tiger Pub.  Plaintiff has a stake in sustaining the viability of the lease.  Thus, Supreme Court erred in sua sponte dismissing action No. 1 on the ground that plaintiff lacked standing.

Supreme Court also erred in not granting Nichols' motion to be added as a plaintiff.  A person who "might be inequitably affected by a judgment in the action shall be made [a] plaintiff[] or defendant[]" (CPLR 1001 [a]; see Hitchcock v Rourke, 130 AD3d 1111, 1113 [2015]; Olney v Areiter, 104 AD3d 1100, 1101 [2013]).  Nichols became the owner of the business operating at the leased premises after action No. 1 was commenced.  While he is not a party to the lease, the continued presence of his business at the current site hinges upon the outcome of the pending litigation and, accordingly, he should be added as a party (see Matter of 37 W. Realty Co. v New York City Loft Bd., 72 AD3d 406, 406 [2010]; Franklin Park Plaza, LLC v V & J Natl. Enters., LLC, 57 AD3d 1450, 1452 [2008]).

Assuming that the alternative ground for affirmance raised by defendants is properly before us, we are unpersuaded by their contention that, if we searched the record, they would be entitled to summary judgment on the merits. Plaintiff seeks, among other things, equitable relief. "[E]quity will intervene to relieve a commercial tenant's failure to timely exercise an option to renew a lease where (1) such failure was the result of 'inadvertence,' 'negligence' or 'honest mistake'; (2) the nonrenewal would result in a 'forfeiture' by the tenant; and (3) the landlord would not be prejudiced by the tenant's failure to send, or its delay in sending, the renewal notice" (Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc., 19 NY3d 223, 225 [2012], quoting J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392, 394, 398-400 [1977]). Viewing the relevant facts in the record in the light most favorable to plaintiff (see e.g. Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), there was proof that the delay in providing written notice was the result of inadvertence, plaintiff had expended substantial funds to renovate the premises and defendants had not been prejudiced by the late written notice. Accordingly, there are triable issues. The remaining contentions are either academic or unavailing.

Peters, P.J., Egan Jr. and Lynch, JJ., concur.

ORDERED that the order entered August 4, 2014, among other things, dismissing the complaint in action No. 1 is modified, on the law, without costs, by reversing so much thereof as dismissed said action; action No. 1 reinstated; and, as so modified, affirmed.

ORDERED that the order entered August 4, 2014, among other things, denying Reeder Glenn Nichols' motion to intervene is modified, on the law, without costs, by reversing so much thereof as denied said motion; motion granted and Reeder Glenn Nichols is joined as a plaintiff in action No. 1; and, as so modified, affirmed.

ORDERED that the order entered August 4, 2014 dismissing action No. 2 is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court