■ In the Matter of ROSLYN ASSOCIATES, Appellant, v INCORPORATED VILLAGE OF MINEOLA, Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Incorporated Village of Mineola to provide municipal sanitation services to the petitioner's apartment complex, petitioner appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered February 13, 1981, which awarded it monetary damages in the principal amount of only $8,930.50. Judgment modified, on the law and the facts, by increasing the award of damages to the principal amount of $29,759.25. As so modified, judgment affirmed, without costs or disbursements. It was previously determined that the Village of Mineola was required to provide municipal sanitation services to petitioner's apartment complex and the question of petitioner's right to collect damages was severed (*Matter of Roslyn Assoc. v Incorporated Vil. of Mineola,* Supreme Ct, Nassau County, July 3, 1979, Di Paola, J., mod on other grounds 84 AD2d 581). In our view, petitioner was properly awarded damages for the period starting in July of 1977 and continuing through February of 1980, i.e., the period during which the village refused its lawful demands to collect refuse from the six high-rise apartment buildings which it owns within the respondent village (see *Juleah Co. v Incorporated Vil. of Roslyn,* 88 Misc 2d 809, affd 56 AD2d 483, affd 44 NY2d 845). CPLR 7806 is not a bar to relief, as the award of monetary damages was clearly incidental to the primary relief sought by the petitioner, i.e., to compel the village to provide municipal sanitation services to its buildings (see *Matter of Allen v Eberling,* 24 AD2d 594). In addition, just as in *Juleah Co. v Incorporated Vil. of Roslyn* (56 AD2d, *supra,* at p 490) the Court of Appeals decision in *Matter of Charles v Diamond* (41 NY2d 318) is not a bar to relief. We also agree with Special Term that the petitioner is not entitled to collect monetary damages for the refusal to provide similar sanitation services to its immediate predecessors in title. The language of the deeds conveying the property, "TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises", clearly is not sufficient to establish an assignment of the predecessors' choses in action to the petitioner, nor was the court required to credit the statements of one of the petitioner's limited partners (who was also a general partner in the petitioner's predecessors) regarding a purported oral assignment. Turning to the measure of damages, petitioner demonstrated that it had contracted with an independent carter to remove refuse from its premises six times per week for a stated monthly charge, whereas the village demonstrated that it would only have collected refuse from the petitioner's premises two times a week if had it done so at all. It was on the basis of this disparity in the number of collections that Special Term reduced the amount awarded to the petitioner to one third of its actual expenditures during the period in question. In our view, this was error. In answer to respondent's assertions, we note that the petitioner contracted for a refuse collection system which was both labor efficient and cost effective, thus, presciently mitigating damages. As in *Juleah Co. v Incorporated Vil. of Roslyn* (88 Misc 2d, *supra,* at p 813), there is no proof that this added frequency in collections increased the petitioner's costs. Moreover, it was convincingly established that the average amount of refuse generated weekly per apartment was substantially lower than the amount permitted under current village regulations for a single-family home, and that the actual cost of collection per apartment was extremely low when compared to the cost of collecting garbage from a single-family residence. Lastly, but not least significantly, the village does not contend that it could have collected the refuse on a twice-weekly basis or otherwise for less than the amount expended by petitioner. Accordingly, petitioner is awarded the sum of $29,759.25, computed as

follows: Roslyn Associates spent $32,735.85 for regular refuse collections during the operative period of time predicated on commercially reasonable rates. Included within this total, however, is the sum of $2,976.60 for "extra" pick-ups, which was apparently disallowed by Special Term on the ground that the refuse collected on those occasions would not have qualified for collection under the governing village regulations. We see no basis for disturbing this implicit finding of fact, and therefore deduct this sum from the total amount expended. Damiani, J. P., Mangano, Gulotta and Niehoff, JJ., concur.