◼ NAMIR NOURI, Appellant, v LILLIAN M. REICH et al., Respondents. [603 NYS2d 827] —Judgment, Supreme Court, New York County (Burton Sherman, J.), entered July 24, 1992, which after a jury verdict in favor of defendants in this medical malpractice case, dismissed the complaint, unanimously affirmed, without costs.

The jury's verdict was clearly based upon a fair interpretation of the evidence and should thus not be set aside. *(Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643.) Indeed, there was conflicting evidence regarding whether Dr. Reich prescribed medication for plaintiff on August 4, 1987 and the jury was free to believe defendant's testimony and discredit the other witnesses' testimony and the questionable physical evidence *(see, e.g., Sheps v Hall & Co.,* 112 AD2d 281, 283).

We also note that plaintiff is barred from raising the issue of whether the medical malpractice statute of limitations was tolled in this case based upon an alleged June 1987 medical treatment by defendant doctor, since plaintiff stipulated at trial to limit the issue to whether defendant prescribed medication for plaintiff on August 4, 1987 *(see, Deitsch Textiles v New York Prop. Ins. Underwriting Assn.,* 62 NY2d 999, 1002). Concur—Sullivan, J. P., Ross, Kassal and Rubin, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR FIGUEROA, Appellant. [605 NYS2d 842] —Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered May 22, 1991, convicting defendant, after non-jury trial, of the criminal sale and possession of a controlled substance in the third degree, and sentencing him to two concurrent terms of 1½ to 4½ years, unanimously affirmed.

Contrary to defendant's claim, the record contains a jury waiver duly executed in open court which meets constitutional and statutory requirements. Since the alleged lack of such a waiver is the only issue raised by defendant on his appeal, the judgment of conviction is affirmed. Concur—Sullivan, J. P., Ross, Kassal, Rubin and Nardelli, JJ.