■ In the Matter of Town of North Hempstead, Appellant. William L. Brown, Respondent. [643 NYS2d 135] —In an eminent domain proceeding, the Town of North Hempstead appeals from so much of an order of the Supreme Court, Nassau County (McGinity, J.), entered December 20, 1994, as denied its motion to preclude William Larry Brown from pursuing a claim seeking compensation and/or damages for a condemnation, on the ground that he lacked standing.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1980, the Supreme Court, Nassau County vested title to a property known as Parcel 1 in the Town of North Hempstead pursuant to condemnation proceedings. In 1982, Leila Brown, the mother of the respondent, entered into a settlement agreement whereby she agreed to accept an advance payment for the condemnation, but reserved the right to collect other money which might later be awarded by a court. Pursuant to a judgment obtained by the respondent in 1984, Leila Brown and her other children executed a deed dated January 9, 1987,

which conveyed certain real property to the respondent, including Parcel 1. The 1987 deed to the respondent contained the following language from Real Property Law § 255, " 'together with the appurtenances and all the estate and rights of the grantor' " (Real Property Law § 255).

In purporting to convey title to property owned by the Town, and by including the aforesaid language from Real Property Law § 255, the grantors effectively transferred to the respondent all of their interest, claims, and demands in law and in equity, relating to Parcel 1 (*see,* Real Property Law § 255; *Patouillet v State of New York,* 39 AD2d 1012, 1013). Accordingly, the Supreme Court properly determined that the respondent had standing to pursue his claim for compensation for the Town's acquisition of Parcel 1. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.