Glen W. EASTER; et al., Plaintiffs–Appellants,

v.

NEVADA STATE BANK; et al., Defendants–Appellees.

No. 01–16499.
D.C. No. CV–02–00146–JCM.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 13, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Glen W. Easter and Honey G. Easter appeal pro se the district court's judgment dismissing their action against Nevada State Bank and Wells Fargo Bank alleging violation of the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401–3422. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim. *Patenaude v. Equitable Life Assurance Soc'y*, 290 F.3d 1020, 1023 (9th Cir.2002). We affirm.

The district court properly dismissed the Easters' action because the RFPA does not apply to state and local governments. *See* 12 U.S.C. §§ 3401–3403 (limit-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing access by the federal government to personal financial records). The Easters' sole contention on appeal is that the RFPA should be read more broadly to encompass the actions of the City of North Las Vegas and the Clark County District Attorney. This contention fails because the RFPA defines "Government authority" as "any agency or department of the United States, or any officer, employee, or agent thereof," 12 U.S.C. § 3401(3), and nothing in the statutory context or legislative history supports deviating from the statute's plain meaning. *See Patenaude*, 290 F.3d at 1025 (plain language of a statute is conclusive absent clearly expressed legislative intention to the contrary).

AFFIRMED.