■ MARC MITTELMARK, Appellant-Respondent, v COUNTY OF SARATOGA, Respondent-Appellant, and RIVERVIEW REALTY, LLC, Respondent, et al., Defendant. [925 NYS2d 235]—

Garry, J. Cross appeals from an order of the Supreme Court (Williams, J.), entered July 14, 2010 in Saratoga County, which granted a motion by defendant Riverview Realty, LLC to dismiss the complaint.

Defendant County of Saratoga commenced an RPTL article 11 tax foreclosure proceeding involving, as relevant here, a parcel of real property in the Village of Victory, Saratoga County. The owner of the parcel defaulted and, in 2007, a judgment of foreclosure was entered. Defendant Riverview Realty, LLC then purchased the parcel at auction, and title was conveyed to it in February 2008.

In August 2008, the owner of the parcel at the time of judgment, defendant Victory Mills Holding, LLC, quitclaimed its interest in the parcel to plaintiff. Plaintiff thereafter commenced the present action seeking an order canceling the deed to Riverview and directing a new sale of the property. Riverview moved to dismiss the complaint in lieu of answering, arguing that plaintiff lacked standing to bring suit and that the complaint failed to state a cause of action. Supreme Court granted the motion, and plaintiff and the County cross-appeal.*

We affirm. To have standing to commence this action, plaintiff must demonstrate an actual legal stake in its outcome, specifically "an injury in fact worthy and capable of judicial resolution" (*Matter of La Barbera v Town of Woodstock*, 29 AD3d 1054, 1055 [2006], *lv dismissed* 7 NY3d 844 [2006]; *accord Aiardo v Town of E. Greenbush*, 64 AD3d 849, 851 [2009]). Here, the deed to Riverview presumptively gave "a new and complete title to the land under an independent grant from the sovereign, a title free of any prior claims to the property or interests in it and not merely the title of the prior owner" (*Melahn v Hearn*, 60 NY2d 944, 946 [1983]; *see* RPTL 1136 [3]; 1137; *Borisenok v Hug*, 212 AD2d 282, 283 [1995]). Thus, Victory Mills had no interest in the parcel when it executed the quitclaim deed to plaintiff. Victory Mills may have been entitled to challenge the propriety of the procedure that led to Riverview acquiring title, but it failed to do so; accordingly, the quitclaim deed gave plaintiff "no better right to [the parcel] than he already had and by its patent vested no ownership thereof in him" (*Evans v Lux*, 121 Misc 466, 472 [1923]; *see Ebenstein v Pritch*, 275 App

---

* As the County only seeks affirmance of Supreme Court's order, its cross appeal is deemed abandoned (*see Buttles v Natale*, 226 AD2d 986, 988 [1996], *lv denied* 88 NY2d 810 [1996]).

Div 256, 258-259 [1949]; *Gaydos v Edwards*, 139 NYS2d 154, 160 [1955], *affd* 2 AD2d 681 [1956]). Further, the language of the quitclaim deed cannot be construed in such a way as to constitute an assignment of Victory Mills' right of action to plaintiff (*see Matter of Roslyn Assoc. v Incorporated Vil. of Mineola*, 89 AD2d 871, 871 [1982]; 43A NY Jur 2d, Deeds § 255; *cf.* Real Property Law § 255; *Matter of Town of N. Hempstead*, 227 AD2d 495, 495-496 [1996]). As plaintiff had no legally cognizable interest in either the parcel or the foreclosure process—and was provided none by the quitclaim deed from Victory Mills—he lacked standing to bring this action.

Rose, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.