ELD-045                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3034
_____

SHAWN WRIGHT,
Appellant

v.

JIM LIGUORI; LIGUORI MORRIS AND YIENGST;
WACHOVIA BANK NATIONAL ASSOCIATION
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-08-cv-00099)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 15, 2011

Before: RENDELL, FUENTES and VANASKIE Circuit Judges

(Opinion filed: September 23, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

Shawn Wright appeals from an order of the United States District Court for the

District of Delaware, which dismissed his complaint.  Because no substantial question is

raised by the appeal, we will summarily affirm the District Court's judgment.

Wright filed a complaint in the District Court, naming as defendants James E. Liguori (an attorney he had previously hired); the law firm of Liguori, Morris and Yingst; and Wachovia Bank, N.A. ("Wachovia"). Wright complained of attorney Liguori's actions and Wachovia's actions in connection with the seizure of several of his bank accounts at Wachovia. The District Court construed the complaint as raising legal malpractice claims against Liguori and his firm, and negligence claims against Wachovia. On September 30, 2009, the District Court granted Liguori's motion to dismiss, and dismissed Liguori and his firm from the action because the Court lacked subject matter jurisdiction, as diversity of citizenship was lacking. In the same order, the District Court denied Wachovia's motion to dismiss, and denied Wright's motion for default judgment against Wachovia.

Wachovia filed a motion for summary judgment on June 17, 2010, arguing that Wright's claims were time-barred, and, alternatively, that his negligence claims failed as a matter of law. Wright filed an answering brief, arguing that his claims against Wachovia were brought pursuant to the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq. ("RFPA"). Wright argued that Wachovia violated that act when it disclosed his financial records, permitted the Drug Enforcement Administration to seize his accounts, and failed to inform Wright that warrants had been issued for his accounts. Wright later filed a motion to amend his complaint to add the RFPA claim. Wachovia objected to Wright introducing a new cause of action so late in the litigation, but argued that even if he were allowed to add the cause of action, it was without merit. Wachovia noted that it

2

had disclosed Wright's financial information in response to search and seizure warrants issued to Detective Donald Pope of the Delaware State Police by the Superior Court, New Castle County, State of Delaware. Wachovia argued that summary judgment was warranted as the RFPA does not apply to information disclosed to state or local (as opposed to federal) government authorities. Wachovia also argued that Wright's negligence claims were time-barred and not subject to equitable tolling.

The District Court assumed, without deciding, that Wright's claims were not time-barred. The District Court noted that it may have been mistaken in characterizing Wright's complaint as raising state-law negligence claims, as Wright did not make any argument that he was asserting such claims against Wachovia. The Court noted that to the extent Wright was attempting to raise such claims, they would be dismissed because Wright had failed to make a showing necessary to support a prima facie case of negligence against Wachovia. The Court agreed with Wachovia that claims under the RFPA would be without merit, as both of the warrants that Wright asserted as the bases for his RFPA claims were issued to a Delaware state law enforcement officer by a Delaware state court. The Court therefore denied Wright leave to amend his complaint to add claims under the RFPA.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review of a district court's decision to grant summary judgment. Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and

3

drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).[1]

We agree with the District Court that even if Wright's claims are considered timely, they fail as a matter of law. As the Court noted, the RFPA provides that "no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution . . ." unless certain procedural and legal requirements are met. 12 U.S.C.§ 3402. But RFPA limits the definition of "Government authority" to "any agency or department of the United States, or any officer, employee, or agent thereof." 12 U.S.C. § 3401(3). See also, e.g.,Young v. U.S. Dep't of Justice, 882 F.2d 633, 636 (2d Cir. 1989) (describing limited definition of "government authority" for purposes of RFPA). As the information here was provided to a state official, the RFPA does not apply.

To the extent Wright is attempting to raise a negligence claim,[2] we agree with the District Court that Wright failed to explain what duty Wachovia owed him, how that duty

---

[1] To the extent Wright challenges the September 30, 2009 decision granting Liguori's motion to dismiss, we also exercise plenary review of that decision. Barefoot Architect, 632 F.3d at 826. We find no error in the District Court's determination that diversity citizenship was lacking between Wright, Liguori, and Liguori's firm.

[2] In his response to this Court's letter advising of possible summary action, it appears that Wright is still insisting that his claims are grounded in the RFPA. Wright also argues that the District Court erred in dismissing such claims with prejudice, as he could have filed them elsewhere. However, as explained, the RFPA does not apply to Wright's

was breached, and how that breach was the proximate cause of Wright's damages. <u>See</u> <u>New Haverford P'ship v. Stroot</u>, 772 A.2d 792, 798 (Del. Super. Ct. 2001) (explaining elements of negligence claim under Delaware law). Accordingly the District Court properly granted summary judgment.

For the foregoing reasons, we will affirm the order of the District Court.

---

situation; filing claims pursuant to the RFPA in a different court would not have remedied the problem.