EDWARD KOSMIDER et al., Respondents, v JULIE A. GARCIA, Individually and as District Attorney for Essex County, et al., Appellants, et al., Defendants. [976 NYS2d 256]—

Spain, J. Appeal from an order of the Supreme Court (Meyer, J.), entered July 13, 2012 in Essex County, which, among other things, partially granted certain defendants' motion to dismiss the amended complaint against them.

Plaintiffs allegedly misappropriated funds provided to them by defendants Cynthia Bennett and Richard Bennett under the terms of a construction contract. Civil litigation ensued, and law enforcement officials began exploring whether criminal larceny charges against plaintiffs were appropriate. In furtherance of the criminal investigation, defendant Michael P. Langey, the Chief Assistant District Attorney in Essex County, was asked to subpoena bank records pertaining to plaintiffs. Langey served a subpoena upon Champlain National Bank in December 2009 (hereinafter the Champlain subpoena) and obtained responsive documents, but determined that an out-of-state credit union at which plaintiffs also had an account would not honor a subpoena issued by him. A Virginia judicial subpoena with regard to that account was obtained in March 2010.

Plaintiffs thereafter commenced this action against the Bennetts, as well as various prosecutors, namely, Langey and defendants Julie A. Garcia, Kristy Sprague, and Timothy Blatchley (hereinafter collectively referred to as the prosecutors). With regard to the prosecutors, plaintiffs asserted a claim pursuant to 42 USC § 1983 that was founded upon abuse of process, tortious interference with contract and other civil rights violations. Plaintiffs further argued that they were deprived of a federal constitutional or statutory right due to the failure of Garcia and Sprague—who respectively served as Essex County District Attorney in 2009 and 2010—to properly train Langey with regard to the use and issuance of subpoenas. Plaintiffs finally asserted a claim pursuant to CPLR article 78 and sought

injunctive relief, arguing that the subpoenaed documents had been improperly obtained and that their use should be prohibited in any criminal action against plaintiffs.

Plaintiffs obtained a temporary restraining order and moved for a preliminary injunction preventing the use of the subpoenaed documents. The prosecutors then moved to dismiss the amended complaint and filed a "cross-motion" to both vacate the temporary restraining order and obtain dismissal of the CPLR article 78 claim.[1] Supreme Court granted the preliminary injunction in full, despite finding that problems existed only with regard to the Champlain subpoena. The court also found that Sprague and Blatchley played no role in the issuance of the Champlain subpoena and dismissed the amended complaint against them, but found that claims had been adequately stated with regard to Langey and Garcia. The prosecutors appeal, but have abandoned any contentions regarding the issuance of the preliminary injunction and focus upon the surviving claims against Langey and Garcia.

The prosecutors initially argue that plaintiffs lack standing to bring this action, an issue of justiciability that "must be considered at the outset" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769 [1991]; *accord Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 9 NY3d 312, 321 [2007]). "To have standing to commence this action, plaintiff[s] must demonstrate an actual legal stake in its outcome, specifically 'an injury in fact worthy and capable of judicial resolution' " (*Mittelmark v County of Saratoga*, 85 AD3d 1359, 1360 [2011], quoting *Matter of La Barbera v Town of Woodstock*, 29 AD3d 1054, 1055 [2006], *lv dismissed* 7 NY3d 844 [2006]). Plaintiffs, in that regard, assert that they have sustained monetary and emotional damages due to prosecutorial actions that purportedly deprived them of rights under federal constitutional or statutory law. The prosecutors do not seriously dispute that these allegations, if taken at face value, assert an injury in fact sufficient to confer standing; rather, they argue that plaintiffs lack standing because their actions could not have *actually* deprived plaintiffs of any federal right. We need only note that "this argument conflates standing with the merits of the case," and is properly assessed in the context of whether the amended complaint states a claim (*Booker-El v Superinten-*

---

**1.** Supreme Court declined to consider the second motion because, among other things, a party is not permitted to file successive motions to dismiss (*see* CPLR 3211 [e]). The prosecutors nevertheless sought dismissal of all of the claims asserted against them in their initial motion—including the CPLR article 78 claim—and their contentions in that regard are properly before us.

*dent, Ind. State Prison*, 668 F3d 896, 899 [7th Cir 2012], *cert denied* 568 US —, 133 S Ct 132 [2012]).

We accordingly turn to that inquiry, which requires us to construe the amended complaint liberally, accept the facts alleged in it "as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Nelson v Lattner Enters. of N.Y.*, 108 AD3d 970, 971 [2013]). In order to assert a claim pursuant to 42 USC § 1983, plaintiffs were obliged to "allege, at a minimum, conduct by a person acting under color of law which deprived [plaintiffs] of a right, privilege or immunity guaranteed by the Constitution or the laws of the United States" (*DiPalma v Phelan*, 81 NY2d 754, 756 [1992]; *accord Payne v County of Sullivan*, 12 AD3d 807, 808 [2004]).[2] Accordingly, the first question that must be answered "is whether [plaintiffs have] been deprived of a right 'secured by the Constitution and laws'" (*Baker v McCollan*, 443 US 137, 140 [1979], quoting 42 USC § 1983).

Plaintiffs' primary contention is that various deprivations of their federal constitutional rights occurred because Langey improperly issued the Champlain subpoena despite the fact that "no [g]rand [j]ury proceeding concerning [plaintiffs] was pending" (*People v MacGilfrey*, 288 AD2d 554, 555 [2001], *lv denied* 97 NY2d 757 [2002]; *see* CPL 610.20 [2]; *People v Natal*, 75 NY2d 379, 385 [1990], *cert denied* 498 US 862 [1990]). Even accepting that Langey's actions were improper, however, plaintiffs have no privacy right or other interest in Champlain's business records that could be impaired by a subpoena served upon it (*see United States v Miller*, 425 US 435, 440-444 [1976]; *Matter of Congregation B'Nai Jonah v Kuriansky*, 172 AD2d 35, 37 [1991], *appeal dismissed* 79 NY2d 895 [1992]). Plaintiffs were not, as a result, deprived of any federal constitutional right due to the issuance of the Champlain subpoena.

Plaintiffs further argue that the issuance of the Champlain subpoena violated a statutory right to privacy conferred upon them by the Federal Right to Financial Privacy Act of 1978 (12 USC § 3401 *et seq.* [hereinafter RFPA]). The protections of RFPA, however, only extend to bank records sought by "any agency or department *of the United States*, or any officer, employee, or agent thereof" (12 USC § 3401 [3] [emphasis added];

---

**2.** While many of the allegations in the amended complaint appear to assert causes of action under state law, plaintiffs emphatically assert that they have limited themselves to a claim under 42 USC § 1983 and have made "no state based claims" for damages.

*see* 12 USC §§ 3402, 3403 [a]; *Wright v Liguori*, 445 Fed Appx 469, 471 [3d Cir 2011]; *Easter v Nevada State Bank*, 58 Fed Appx 355, 355-356 [9th Cir 2003]; *Nuby v South Boston Sav. Bank*, 187 F3d 622 [1st Cir 1998] [table; text at 1998 WL 1085794, *1, 1998 US App LEXIS 26094, *2]). The legislative history demonstrates that the exclusion of state and local officials from the scope of RFPA was deliberate, "reflect[ing] [the] belief that legislation affecting state and local government is the proper province of the respective state governments" (Minority Views on HR 13471, HR Rep 95-1383, 95th Cong, 2d Sess at 247, reprinted in 1978 US Code Cong & Admin News at 9376). Plaintiffs were accordingly not deprived of any federal statutory right due to the issuance of the Champlain subpoena and, as such, have failed to set out a cognizable 42 USC § 1983 claim with regard thereto (*see Payne v County of Sullivan*, 12 AD3d at 808).

Most of plaintiffs' contentions against the prosecutors fail in light of the foregoing. Plaintiffs assert that Garcia did not properly train Langey as to the proper issuance of subpoenas but, treating that allegation as true, they remain obliged to show a causal link between the failure to train "and the alleged constitutional [or statutory] deprivation" (*Canton v Harris*, 489 US 378, 385 [1989]; *see Connick v Thompson*, 563 US —, —, 131 S Ct 1350, 1359 [2011]; *Landsman v Village of Hancock*, 296 AD2d 728, 731 [2002], *appeal dismissed* 99 NY2d 529 [2002]). Plaintiffs here fail to allege such a link, inasmuch as they were deprived of no right due to the issuance of a third-party subpoena for bank records. Plaintiffs' argument that the prosecutors engaged in tortious interference with contracts, even if true, similarly fails to state a 42 USC § 1983 claim because the issuance of the Champlain subpoena that purportedly led to that interference did not "violate[ ] a right guaranteed plaintiff[s] under the Constitution or federal statute" (*Rodriguez v Phillips*, 66 F3d 470, 476 [2d Cir 1995]; *see Cook v Sheldon*, 41 F3d 73, 77 [2d Cir 1994]).

Plaintiffs' assertion that a 42 USC § 1983 claim exists with regard to malicious abuse of process requires somewhat more discussion. Under New York law, abuse of process requires a demonstration of "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi*, 63 NY2d 113, 116 [1984]; *see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397, 403 [1975]). Moreover, for abuse

of process to be asserted in the context of 42 USC § 1983, it must additionally be shown that the complained-of actions "result[ed] in a violation of federal constitutional or statutory law" (*Cook v Sheldon*, 41 F3d at 77). Insofar as plaintiffs invoke the issuance of the Champlain subpoena as the basis for their abuse of process argument, they have failed to allege facts establishing that such a violation occurred. They further allege, however, that the subpoenas were improperly used to extort a settlement in the separate lawsuit involving the Bennetts. Plaintiffs have a right of access to the courts guaranteed by the US Constitution, and interference with that right by state agents in a manner that "caused the loss or inadequate settlement of a meritorious case" may give rise to a 42 USC § 1983 claim (*Christopher v Harbury*, 536 US 403, 414 [2002]; *see Sousa v Marquez*, 702 F3d 124, 128 [2d Cir 2012]). That being said, such a claim is only viable "if a judicial remedy was 'completely foreclosed' by the" alleged conduct (*Sousa v Marquez*, 702 F3d at 128, quoting *Broudy v Mather*, 460 F3d 106, 120 [DC Cir 2006]; *see Christopher v Harbury*, 536 US at 415). Plaintiffs obviously became aware of the fact that the bank records had been subpoenaed, and have not alleged how or to what extent they were deprived of the ability to address any issues raised by the bank records within the context of the lawsuit involving the Bennetts. They accordingly have not alleged that they were deprived of any federal right due to any purported abuse of process by the prosecutors.

Turning to plaintiffs' state claim pursuant to CPLR article 78, their lack of any cognizable interest in the bank records precludes their contention that the prosecutors should be prohibited from using the documents obtained via the complained-of subpoenas (*see Matter of John Doe Corp. I v Blumenkopf*, 118 AD2d 279, 282 [1986]).

The remaining contentions of the parties, to the extent that they have not been rendered academic in light of the foregoing, have been considered and rejected.

Peters, P.J., Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion by defendants Julie A. Garcia, Michael P. Langey, Kristy Sprague and Timothy Blatchley to dismiss the amended complaint against Julie A. Garcia and Michael P. Langey; motion granted to that extent and amended complaint dismissed against said defendants; and, as so modified, affirmed. **[Prior Case History: 36 Misc 3d 1221(A), 2012 NY Slip Op 51415(U).]**